IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Abbas Javed Ahmed,<br> Petitioner, | )<br>)<br>) |
| v. | )   1:10cv184 (GBL/TCB) |
| Loretta Kelly,<br> Respondent. | )<br>)<br>) |

<u>MEMORANDUM OPINION</u>

This Matter is before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed <u>pro</u> <u>se</u> by Abbas Javed Ahmed, an inmate confined in Virginia. Petitioner challenges the constitutionality of his conviction of sexual offenses following a jury trial in the Circuit Court of Arlington County, Virginia. After respondent moved to dismiss the petition, Ahmed was given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Petitioner thereafter moved for and received three extensions of time to file a reply, but he failed to do so, and instead continued to file additional motions for extension, which were denied. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

**I. Background**

By final judgment entered September 22, 2005, following a jury trial, Ahmed was convicted of two counts of forcible sodomy in case numbers CR04001165 and CR04001166; one count of object sexual penetration in case number CR04001167; and one count of aggravated

1

sexual battery in case number CR04001168. Petitioner received an aggregate sentence of 35 years in prison. The facts underlying the convictions were recited in the trial court's order denying Ahmed's state petition for a writ of habeas corpus, as follow:

> The facts adduced at trial pertinent to the challenged conviction established that the four year old female victim, Selam Schatzle, resided in an apartment house in Arlington County with her mother, Elizabeth Solomon. They lived across the hall from where petitioner lived with his family. Mrs. Ahmed would sometimes babysit for Selam. On July 11, 2004, Selam's father failed to show up as scheduled to take care of Selam while Ms. Solomon went to her job. Ms. Solomon asked Mrs. Ahmed if she could watch Selam during the day, and she agreed.
>
> Upon her return around three p.m., Ms. Solomon picked Selam up from the Ahmeds' apartment and returned with her to their apartment, drew a bath for her, and put her in the tub. As Selam's mother proceeded to bathe her, Selam complained that her 'pee pee and butt hurt' and told her mother 'don't put soap in it' because it hurt. The child had never made such a complaint before. Selam told her mother that her butt hurt because 'Abbas put his pee pee in my butt' and had 'put his pee pee in my butt and in my pee pee, too.' Selam went on to say that Abbas had put chocolate on his 'pee pee' and 'he made me suck it like juice.'
>
> Petitioner was arrested, given his *Miranda* rights and questioned by police; during the questioning petitioner wrote two letters of apology to Selam, asking in one for her 'to forgive me for what I have done to you.' He admitted to other sexual offenses against the child but denied committing anal sodomy; in his trial testimony he denied any sexual contact whatever with Selam.
>
> Selam Schatzle testified at trial that Abbas had pulled her shorts down, had put his 'pee pee' in her butt, that it hurt her, and that she did not like it. Selam testified she 'pulled it back up because he wanted me to pull it right down because I was looking at him and I was so angry.' She stated, 'His pee pee was in there because I didn't like it because - because he wants to do a nasty thing again and again, all the time.' She testified Abbas told her not to tell anyone.

Ahmed v. Loretta Kelly, Warden, Case No. CL08-1204, February 12, 2009.

On February 1, 2006, the trial court entered orders intended to correct typographical errors in the September, 2005 sentencing orders, but to leave the sentences unchanged. Pet. App. at 20 - 27.

Petitioner thereafter petitioned the Virginia Court of Appeals for a direct appeal on April 12, 2006. On June 23, 2006, in <u>Ahmed v. Commonwealth</u>, R. No. 2713-05-4 (Va. Ct. App. June 23, 2006), the Virginia Court of Appeals determined that the circuit court's September 22, 2005 Order was the final order in the case, and that because a notice of appeal was not filed within thirty days of the entry of that order, "[t]he notice of appeal in this case was not timely filed." Pet. App. at 28.

On July 28, 2006, Ahmed filed a motion for delayed appeal which was granted by the Court of Appeals on August 22, 2006. Pet. App. at 35. On December 15, 2006, petitioner filed a new petition for appeal, stating that of his four convictions, "only the conviction for anal sodomy in case CR04001166-00 'is the subject of this appeal,'" Pet. App. at 36, and arguing that the evidence was insufficient to support that conviction. In <u>Ahmed v. Commonwealth</u>, R. No. 2210-06-4 (Va. Ct. App. Mar. 21, 2007), the Virginia Court of Appeals in a one-judge opinion again determined that "[t]he circuit court's September 22, 2005 order was a final order," and that the petitioner's motion to set aside the verdict filed February 13, 2006, therefore was untimely. Because petitioner admittedly challenged the sufficiency of the evidence only in the February 13 order, he asked the appellate court to consider the issue under the "ends of justice" exception to Rule 5A:18, but the court declined, finding that petitioner failed to make an affirmative showing that a miscarriage of justice had occurred. Pet. App. at 30 - 32. Petitioner subsequently sought consideration of the appeal by a three-judge panel, but his application was denied on October 5,

2007. Pet. App. at 33.

Petitioner did not seek further review by the Supreme Court of Virginia in either of his direct appeals. Pet. App. at 36.

On October 1, 2008, Ahmed filed a petition for a state writ of habeas corpus in the Circuit Court of Arlington County "which challenge[d] only the anal sodomy conviction in case number" 04-1166. Pet. App. at 35. Petitioner raised the sole claim that he received ineffective assistance of counsel when his attorney did not move to strike the anal sodomy charge and thereby forfeited petitioner's ability to have the trial court "rule on the anal sodomy issue." The circuit court rejected Ahmed's argument on the merits in a Final Order entered February 12, 2009. Ahmed v. Kelly, Case No. CL08-1204. Pet. App. at 34 - 45. Petitioner appealed that result to the Virginia Supreme Court, but his petition for appeal was refused on the ground that "the appeal was not perfected in the manner provided by law" where the petition "d[id] not list the specific error(s) in the lower court proceedings upon which the petitioner intend[ed] to rely," in derogation of Rule 5:17(c). Ahmed v. Kelly, R. No. 091425 (Va. Oct. 8, 2009). Pet. App. at 46.

Petitioner filed this petition for a federal writ of habeas corpus on February 18, 2010,[1] raising the following claims:

> 1. The trial court erred in approving the jury verdict of guilty of the charge of anal sodomy as the proof thereof lacked any showing of the essential elements of Corpus Delicti of the crime - penetration.

---

[1] A pleading submitted by an incarcerated litigant is deemed filed when the it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, petitioner certified that he placed his petition in the prison mailing system on February 18, 2010, Pet. at 21, and the Court received the petition on February 25, 2010. Pet. at 1.

4

2.  Ineffective assistance of counsel where counsel failed to move to strike the government's case with respect to anal sodomy at the close of the government's evidence.

3.  Trial counsel failed to move to have physical evidence (i.e., underpants, tank top, shorts, bed hairs, linens, etc.) preserved and independently tested for DNA.

4.  Trial counsel failed to move for reconsideration or to set aside the verdicts for anal sodomy, object penetration, or double jeopardy, and failed to move to correct errors or object to the sentencing orders.

5.  Appointed counsel, who petitioner never met, failed to move for reconsideration or to set aside the verdicts for anal sodomy, object penetration, or double jeopardy , and failed to move to correct errors or object to the sentencing orders.

6.  Court appointed counsel untimely filed the Notice of Appeal of the sentencing order. which procedurally barred the direct appeal.

7.  Court appointed counsel failed to timely move to correct the September 22, 2005 sentencing orders, which erroneously stated that he represented petitioner at trial. The untimeliness of the February 1, 2006 'clerical error' corrected order prejudiced the Motion to Set Aside the Verdict, as counsel failed to make that motion.

8.  Retained appellate counsel failed to exhaust the direct appeal from the Court of Appeals to the Supreme Court of Virginia. He also failed to inform petitioner, a Pakistani, that he had the right to appointed counsel for a direct appeal to the Supreme Court of Virginia.

As noted above, respondent has filed a Motion to Dismiss the petition. Despite being granted three extensions of time within which to file a reply, and being cautioned in the latter two

orders that no additional extensions would be granted, petitioner has filed no reply, choosing instead to submit two additional motions for additional extensions of time, which were denied. Accordingly, this matter is now ripe for disposition.

## II. The Petition is Time-Barred

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, after petitioner was convicted in the circuit court on September 22, 2005, he noticed an appeal to the Court of Appeals of Virginia, but the appeal was dismissed because the notice was filed untimely. Ahmed, R. No. 2713-05-4. Because no appeal was perfected to the Court of Appeals, the convictions became final on October 22, 2005, when the appeal period expired. See Va. Sup. Ct. R. 5A:6(a). Thus, § 2254(d)'s one-year limitations period began to run as to all of Ahmed's convictions on October 22, 2005.

In calculating the one-year limitations period, a court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir.

6

2002).

In this case, as described above, the Court of Appeals of Virginia granted petitioner a delayed appeal on August 22, 2006. Pet. App. at 35. However, when Ahmed filed his new petition on December 16, 2006, he argued solely that the evidence was insufficient to support the forcible sodomy conviction in case number 04-1166. Pet. App. at 36. The petition was denied on March 21, 2007, and was rejected by a three-judge panel on October 5, 2007. On October 1, 2008, Ahmad filed a petition for a writ of habeas corpus in the trial court which was denied on February 12, 2009. His subsequent attempt to appeal that ruling was denied by the Supreme Court of Virginia because "the appeal was not perfected in the manner provided by law." Thus, it is apparent that the appeal was not "properly filed" as that term is defined in Pace, 544 U.S. at 408, and did not act to toll the § 2244(d) limitations period.

The convictions entered in case numbers 04-1165, 04-1167 and 04-1168 became final on October 22, 2005. Because the subsequent delayed appeal was directed solely to the conviction entered in case number 04-1166, no collateral proceedings acted to toll the limitations period in case numbers 04-1165, 04-1167 and 04-1168 until this federal habeas application was filed on February 18, 2010. Thus, because that period of four years and three months far exceeds the one year limitations period of § 2244(d), this petition is untimely as to those convictions.

As to the anal sodomy conviction entered in case number 04-1166, the belated appeal granted to Ahmed results in a different calculation, albeit with the same result. The Supreme Court in Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) held that:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not

yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

Here, the belated appeal in case number 04-1166 was decided on March 21, 2007, Ahmed, R. No. 2210-06-4, and Ahmad's petition for review by a three-judge panel was denied on October 5, 2007. Therefore, the conviction became final thirty days later, when the thirty-day period to appeal to the Supreme Court of Virginia expired on November 5, 2007. Va. S. Ct. Rule 5:14(a). Between that date and October 1, 2008, when Ahmed filed his petition for a state writ of habeas corpus, 329 days passed. Relief was denied on February 12, 2009, Ahmed, Case No. CL08-1204, and as discussed above, Ahmed's attempt to appeal that result to the Virginia Supreme Court was rejected as not "properly filed" as that term is defined in Pace, 544 U.S. at 408. Therefore, the limitations period ran unchecked from February 12, 2009 until this federal petition was filed on February 18, 2010, a period of 371 days. When these untolled periods are combined they total 700 days, so the instant petition was filed 335 days beyond the one-year limit as to the conviction entered in case number 04-1166. Accordingly, this petition is untimely under § 2244(d) as to that conviction as well.

In an Order entered August 10, 2010, this Court set out the chronology just discussed, and invited petitioner to present facts to support equitable tolling of the limitations period. Dkt. 6 at 6 - 7. The United States Supreme Court recently established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit

8

for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In response to the Court's Order, petitioner cites several instances of what he characterizes as errors by his attorneys on direct appeal, and argues that he is entitled to equitable tolling as a result of their negligence. Dkt 9. Petitioner states that his counsel and the Commonwealth Attorney withheld exculpatory evidence such as bed linens from the scene of the crime that could have proved his innocence. Id. at 3. In addition, petitioner charges counsel with failing to subpoena a child psychologist, to object to all the charges to preserve them for direct appeal, and failing to file a timely notice of appeal in September, 2005. Id. at 4 - 5. Petitioner's argument that the limitations period should be equitably tolled on the basis of these circumstances is unpersuasive. Generally, error by counsel is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d

948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations."). Similarly, the Fourth Circuit has held that a petitioner's lack of access to legal materials or legal information is an insufficient basis upon which to invoke equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir,. 2000) (citing Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)); Arroyo v. Angelone, No. 01-CV-534, 2002 WL 32388381, at *2 (E.D. Va. July 12, 2002).

Here, petitioner's only specific allegation of attorney error that is relevant to the issue of timeliness is his contention that counsel failed to file a timely notice of appeal in September, 2005. However, what petitioner overlooks is the fact that any prejudice which accrued to him at that time was cured when the Court of Appeals subsequently granted his motion for a delayed appeal. Pet. App. at 35. Since Ahmed thus has failed to demonstrate how his attorney stood in the way of his filing a federal application in a timely manner, he has not shown the presence of extraordinary circumstances sufficient to warrant equitable tolling on that basis.

Petitioner also argues that the limitations period should be equitably tolled because newly discovered evidence proves that he is actually innocent of the crimes of which he was convicted. This argument fails for two reasons. First, while the Supreme Court and the Fourth Circuit apparently has not yet spoken on the issue, the majority of circuits hold that actual innocence is

not an exception to the § 2244(d) statute of limitations. See, e.g., Lee v. Lampert, 610 F.3d 1125, 1128 - 31 (9th Cir. 2010) (concluding that there is no actual innocence exception to §2244(d)); Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) (holding that actual innocence is "unrelated to the statutory timeliness rules ... [and] does not extend the time to seek collateral relief"); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) (finding that "defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming"); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (holding that claims of actual innocence do not "justify equitable tolling of the limitations period"); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (stating that there is no actual innocence exception separate from the usual equitable tolling factors).

Second, even if actual innocence were an exception to the limitations bar, the "newly discovered evidence" to which petitioner points in this case falls short of calling his guilt into question. In the context of procedural default of federal habeas claims, a gateway claim of actual innocence requires a petitioner to show "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schulp v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Here, Ahmed predicates his claim of actual innocence on a "forensics analysis report" which he has attached as an exhibit to his response. Dkt. 9. However, the certificate of analysis shows only that no significant DNA results were obtained from the items that were tested, which included items of clothing worn by the victim, a washcloth and hairs recovered from it, and swabs taken from Ahmed. In particular, no seminal fluid or blood was found in the child's clothing or the washcloth, no foreign DNA was found in the swabs, and no spermatozoa was recovered from the victim. Moreover, this evidence is not "new," as Ahmed claims, since the personal evidence

recovery kits for both Ahmed and the victim, as well as the certificate of analysis, were introduced at trial, Tr. 149 - 51, and defense counsel argued the lack of DNA evidence in his closing argument. Tr. 513 - 14. Thus, petitioner's argument that newly-discovered evidence of his actual innocence warrants equitable tolling of the limitations period fails both legally and factually, and this petition must be dismissed as time-barred.

### III. Procedural Bar

Respondent also argues that even if equitable tolling were deemed to apply in this case, petitioner's claims are procedurally defaulted from federal consideration. Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). In this case, as discussed above, none of petitioner's claims have been properly presented to the Supreme Court of Virginia for review, so they remain unexhausted.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland,

518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioners' unexhausted claims are procedurally defaulted under Virginia Code § 8.01-654(A)(2), which provides a statute of limitations period fro state habeas review of the later of two years from the date of final judgment in the trial court or one year from the final disposition of the direct appeal, as well as Virginia Code § 8.01-654(B)(2). Therefore, petitioner's claims are likewise procedurally defaulted from federal review.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner's actual innocence argument fails for the reasons previously discussed. Schlup, 513 U.S. at 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).

In his response to the Order of August 10, 2010, petitioner also argues that his procedural default was due to the ineffective assistance of his trial, appellate and collateral counsel. Dkt. 9 ¶¶ 1 - 10. In Martinez v. Ryan, 566 U.S. __, 132 S.Ct. 1309 (2012), the Supreme Court held that where state law provides that a claim of ineffective assistance of trial counsel must be presented in an initial-review collateral proceeding, such claims are not procedurally barred from federal

review if there was no counsel or ineffective counsel at the initial-review collateral proceeding. Ahmed states in his response to the August 10 Order that his father hired attorney James A. Devita of the Butler Law Group to represent him on collateral review, but because counsel failed to obtain Ahmed's files or to prepare an "adequate" habeas corpus application, the Arlington County Circuit Court dismissed the petition. Dkt. 9, ¶ 9. Virginia law provides that claims of ineffective assistance of trial counsel must be addressed initially in a habeas corpus proceeding. Accordingly, in the interest of justice, the Court will assume without deciding that petitioner's allegations regarding his counsel's performance in the habeas proceeding are accurate, and will turn pursuant to Martinez to consideration of petitioner's claims of ineffective assistance of trial counsel.

## IV. Merits

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In his second claim,[2] Ahmed argues that counsel provided ineffective assistance by failing to move to strike the prosecution's case with respect to anal sodomy at the close of the evidence. However, as will be discussed *infra*, petitioner argued in his subsequent state habeas corpus proceeding that the verdict on anal sodomy should have been set aside, and the court there determined expressly that "the anal sodomy charge was adequately supported by the evidence at trial." Ahmed v. Kelly, Case No. CL08-1204, Order of February 12, 2009 at 9. Petitioner thus cannot show that the outcome of his trial would have been different had counsel moved to strike that charge at the close of the evidence, so his second claim is without merit. Strickland, supra.

---

[2]In his first claim, Ahmed argues that trial court erred in accepting the anal sodomy verdict because the evidence failed to prove penetration. As this argument asserts an instance of trial court error reviewable on direct appeal, the holding of Martinez does not apply, and the claim is procedurally barred from review on the merits.

15

In his third claim, petitioner contends that he received ineffective assistance because trial counsel failed to move to have various items of physical evidence preserved and independently tested for DNA. However, as discussed above, the certificate of analysis to which petitioner points falls short of calling into question the validity of his convictions. Since petitioner has made no showing that further DNA testing would have resulted in his acquittal, he fails to demonstrate that but for counsel's alleged error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Therefore, his third claim is without merit.

In his fourth claim, petitioner alleges that counsel failed to move for reconsideration of, or to set aside the verdict on anal sodomy. Petitioner argues that such a motion would have been successful because the evidence of penetration was insufficient. However, in his subsequent state habeas proceeding before the circuit court, petitioner made this same argument and the court found it to be without merit. The court found that "trial counsel did not perform deficiently by not moving to strike the anal sodomy charge, because he could have reasonably believed that the charge would have survived a motion to strike in any case." Ahmed v. Kelly, Case No. CL08-1204, Order of February 12, 2009 at 8. The court observed that counsel made a strategic decision to move to strike the object penetration counsel but not the anal sodomy count with the aim of "conceding a well-supported charge in order to convince the Court to strike charge that is arguably less well-supported." Id. The court noted that the child had testified at trial that petitioner "put his penis in her butt, and that he had it in there, " which "indicate[d] it was placed in her anus." Id. at 7-8. Thus, the court concluded, "the anal sodomy charge was adequately supported by the evidence at trial and would have survived a motion to strike, rendering the motion futile." Id. at 9. Because it thus is incontrovertible that a motion to strike the anal sodomy charge would have failed, trial counsel's decision not to make such a motion satisfies

neither prong of the <u>Strickland</u> test, and petitioner's fourth claim is without merit.[3]

In his fifth claim, petitioner contends principally that counsel rendered ineffective assistance by failing to move to reconsider or set aside the anal sodomy verdict on the ground of insufficient evidence. This argument essentially repeats claim four, and thus also fails for the reasons just discussed.

In his sixth claim, Ahmed asserts that counsel rendered ineffective assistance by failing to file a timely notice of appeal. However, any prejudice which inured to petitioner as the result of this alleged error was cured when the Court of Appeals subsequently granted him a delayed appeal. Therefore, petitioner cannot satisfy the second prong of <u>Strickland</u> with respect to this claim, which accordingly must be rejected.

In his seventh claim, petitioner alleges that counsel's failure to timely move to correct the sentencing order of September 22, 2005 caused his motion to set aside the verdict to be untimely. In light of the overwhelming evidence of petitioner's guilt, in addition to the observations of the court reflected in the order denying Ahmed's state habeas corpus petition, it can safely be said that a motion to set aside the verdict even if timely would not have succeeded. Accordingly, again, petitioner fails to show that he was prejudiced by counsel's alleged error, and his seventh claim is without merit.

In his eighth claim, petitioner contends that appellate counsel rendered ineffective

---

[3]Even if the state court had not expressly found that a motion to strike the anal sodomy charge would have been denied, it is well established in federal jurisprudence that a lawyer's "'strategic choices made after thorough investigation ... are virtually unchallengeable'" <u>Gray v. Branker</u>, 529 F.3d 220, 229 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 1579 (2009), <u>quoting</u> <u>Strickland</u>, 446 U.S. at 690-91. This Court must accept the state court's factual determination that counsel in this case made a tactical decision to refrain from moving to strike the anal sodomy charge to bolster the chance of success for his motion to strike the object penetration count. <u>See</u> <u>Evans v. Thompson</u>, 881 F.2d 117, 125 (4th Cir. 1989). Claim four of this petition thus would fail for that reason as well.

assistance by failing to perfect an appeal to the Supreme Court of Virginia. Again, in the light of the overwhelming strength of the evidence presented at trial, petitioner fails to show that he suffered prejudice as a result of this alleged error, and his claim of ineffective assistance consequently must be rejected. Strickland, supra.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 25th day of Splash 2012.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge